UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| WILLIAM LINDALA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>RESURGENT CAPITAL SERVICES, LP, and LVNV FUNDING, LLC,<br><br>    Defendants. | Case No.: 19-cv-1410<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff William Lindala is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Resurgent Capital Services, LLP ("Resurgent") is a foreign limited liability company with its primary offices located at 55 Beattie Place, Greenville, SC 29601.

6. Resurgent does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

7. Resurgent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Resurgent is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

9. Resurgent is a debt collector as defined in 15 U.S.C. § 1692a.

10. LVNV Funding, LLC ("LVNV") is a foreign limited liability company with its principal place of business located at 15 South Main St., Greenville, South Carolina 29601.

11. LVNV is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time LVNV acquires them.

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to

the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at *13-15 (N.D. Ill Mar. 27, 2018); *Hordgev. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at *12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at *13-18 (E.D.N.Y. Aug. 15, 2018).

14. The primary purpose of LVNV's business, and LVNV's principal purpose, is the collection of consumer debts. LVNV's website states:

> LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency.

http://www.lvnvfunding.com/.

15. LVNV is a debt collector as defined in 15 U.S.C. § 1692a.

16. A company meeting the definition of a "debt collector" (here, LVNV) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

## FACTS

17. On or around December 14, 2018, Resurgent mailed a debt collection letter to Plaintiff regarding the same alleged debt owed to LVNV, with an "Original Creditor" listed as "Capital One, N.A." A copy of such letter is attached to this Complaint as Exhibit A.

3

18. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used exclusively for personal, family, and household purposes.

19. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

20. Upon information and belief, Exhibit A is a form debt collection letter, used by Resurgent to attempt to collect alleged debts.

21. Upon information and belief, Exhibit A is the first written communication Resurgent mailed to Plaintiff regarding this alleged debt.

22. Exhibit A includes the following representation:

> This communication is from a debt collector. However, please note that this communication is not an attempt to collect a debt. The sole purpose of this communication is to provide you with information regarding the ownership of your above-referenced account.

23. Notwithstanding such representations, Exhibit A is indeed a communication in connection with an attempt to collect a debt. *See, e.g.*, *Harrer v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 164872, *6-7 (N.D. Ill. Nov. 30, 2016) (collecting cases) ("disclaimers like these are insufficient to demonstrate that the communications were not connected to the collection of a debt as a matter of law.").

24. The only relationship Resurgent had to Plaintiff arose out of Plaintiff's alleged defaulted debt owed to LVNV. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010) ("[T]he absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt. The nature of the parties' relationship is also relevant.").

4

25. Furthermore, whether or not <u>Exhibit A</u> includes an explicit demand for immediate payment of Plaintiff's debt, Resurgent's letter encourages Plaintiff to direct correspondences regarding his account to Resurgent. *See, e.g.*, *Melnarowicz v. Pierce & Assocs., P.C.*, 2015 U.S. Dist. LEXIS 107841, *13 (Aug. 17, 215) (holding that an invitation to discuss the resolution of a debt constitutes a communication in connection with the collection of a debt) (citing *Gburek*, 614 F.3d at 386).

26. Specifically, <u>Exhibit A</u> also includes the following representation:

> For further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

27. 15 U.S.C. § 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Contrary to this mandate, <u>Exhibit A</u> fails to state the amount of Plaintiff's alleged debt as required by 15 U.S.C. § 1692g(a)(1).

5

29. Upon information and belief, no subsequent written notice was sent to Plaintiff within five days of his receipt of Exhibit A which stated the amount of Plaintiff's alleged debt owe.

30. Similarly, Exhibit A fails to notify Plaintiff of his rights to dispute the validity of his alleged debt or to request verification of his alleged debt as required by 15 U.S.C. § 1692g(a)(3)-(5).

31. Upon information and belief, no subsequent written notice was sent to Plaintiff within five days of his receipt of Exhibit A which notified Plaintiff of his rights to dispute the validity of his alleged debt or to request verification of his alleged debt as required by 15 U.S.C. § 1692g(a)(3)-(5).

32. Furthermore, 15 U.S.C. § 1692e(11) requires debt collectors to "disclose in the initial written communication with the consumer and … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

33. Contrary to 15 U.S.C. § 1692e(11), Exhibit A expressly represents that the letter "is not an attempt to collect a debt."

34. Plaintiff read Exhibit A.

35. Plaintiff was confused and misled by Exhibit A.

36. The unsophisticated consumer would be confused and misled by Exhibit A.

37. Plaintiff had to spend time and money to investigate Exhibit A and the possible consequences of responding to Exhibit A.

### *The FDCPA*

38. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*,

6

2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially

7

when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).

39. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

40. Misrepresentations of the character, amount or legal status of any debt, injures or risks injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally

8

protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

41. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

43. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

44. 15 U.S.C. § 1692e(11) requires debt collectors to "disclose in the initial written communication with the consumer and … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

45. 15 U.S.C. § 1692g(a) provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>> (1) the amount of the debt;
>> (2) the name of the creditor to whom the debt is owed;

9

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## **COUNT I - FDCPA**

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Exhibit A is the first written communication Resurgent sent to Plaintiff with regard to Plaintiff's alleged debt referenced therein.

48. Despite being the first written communication Resurgent sent to Plaintiff, Exhibit A fails to state the amount of Plaintiff's alleged debt or notify Plaintiff of his rights to dispute his alleged debt and to request verification of his alleged debt.

49. No subsequent written notice was sent to Plaintiff within five days of Exhibit A which stated the amount of Plaintiff's alleged debt or notified him of his rights to dispute his alleged debt and to request verification of his alleged debt.

50. Exhibit A also fails to disclose that the letter is an attempt to collect a debt.

51. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692g(a)(1), 1692e(11), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

## **CLASS ALLEGATIONS**

52. Plaintiffs bring this action on behalf of a class, consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by

10

<u>Exhibit A</u> to the Complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) mailed between September 26, 2018 and September 26, 2019, inclusive, (e) that was not returned by the postal service.

53. The class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the class.

54. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with the FDCPA.

55. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

57. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

58. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

11

Dated:  September 26, 2019

                                      **ADEMI & O'REILLY, LLP**

                By:    /s/ Mark A. Eldridge
                       John D. Blythin (SBN 1046105)
                       Mark A. Eldridge (SBN 1089944)
                       Jesse Fruchter (SBN 1097673)
                       Ben J. Slatky (SBN 1106892)
                       3620 East Layton Avenue
                       Cudahy, WI 53110
                       (414) 482-8000
                       (414) 482-8001 (fax)
                       jblythin@ademilaw.com
                       meldridge@ademilaw.com
                       jfruchter@ademilaw.com
                       bslatky@ademilaw.com